*Brinkerhoff, J.
If, from the mass of minute details •contained in the agreed statement of facts on which this case is ■submitted, we eliminate the few prominent facts which establish the relations of the parties, the questions which arise out of those relations are found to be both few and simple.
The plaintiff, Faran, as administrator of Ewing, administered the estate of his intestate. In the payment of the debts due from the estate, and of the statutory allowance to the widow of the intestate, not only all the personal assets, but a considerable sum ■derived from rents of real estate accruing after the death of the *233 intestate, were exhausted. All debts due from the estate, so far as known and recognized by the administrator, being thus paid, a settlement of the estate, then supposed to be final, was made; and a small balance remaining in his hands — though much less than the sum derived by him from the rents of real estate before mentioned — was distributed amoDg the heirs of the intestate. The heirs thereupon made partition of the real estate among themselves ; and subsequently they individually made a variety of sales and conveyances of, and out of, their respective shares to other parties.
Pausing here, and bearing in mind the facts thus far outlined, we will go back again.
Ewing, the plaintiff’s intestate, was, at the time of his death, administrator of the estate of one Clark, having been duly appointed and having given bond, with sureties, as such, and died without having made settlement of his accounts as administrator, and leaving an apparent balance of considerable amount in his hands, in favor of the estate he represented, unaccounted for. And between two and three years after the filing by the plaintiff, Faran, of his supposed final account, an administrator de bonis non of Clark’s estate presented to him for allowance a claim for the before-mentioned balance apparently remaining in the hands of Ewing, in favor of that estate, at the time of his death. The plaintiff rejected this claim; and thereupon the administrator de bonis non of Clark brought suit on the bond of Ewing, as administrator of Clark, against the plaintiff as administrator *of Ewing, and Cary and Spader, sureties of Ewing in his bond. The plaintiff Faran, so far as appears, without collusion, in good faith, and with due diligence, attempted to defend the suit; but in this he failed, and judgment was rendered against him as administrator, together with the sureties in the bond, in December, 1859, for $885 •and costs. This judgment remains in full force, unsatisfied and unreversed; and it is to pay this judgment and costs, that he now asks an order to sell so much of the real estate of which his intestate died seized, as may be necessary for that purpose.
Is he entitled to such order ? We think he is. He is entitled to it under the distinct provisions of section 130 of the act “ for the settlement of the estates of deceased persons.” 1 Curwen’s Stafc. 734. Whether error did or did not intervene in the rendition of that judgment, is not a question of which, in this proceeding, we *234 can take cognizance. In- this collateral proceeding, it is conclusive evidence of the indebtedness adjudged by it, unless impeached for fraud or mistake in obtaining it; or, perhaps, the-culpable negligence of the plaintiff in the defense of the action in which it was obtained. O’Connor v. State, 18 Ohio, 225. And no fraud or mistake recognized in law as such, is here claimed to* have existed in the obtaining of the judgment against the plaintiff in this case, nor is there any allegation of such negligence.
It is said, in argument, that the judgment may be enforced against, and its amount collected from, the plaintiff’s co-defendants-in the judgment — the sureties in the bond of the plaintiff’s intestate. So, perhaps, it might. But this would bo inequitable. The-estate of the plaintiff’s intestate is primarily liable for it, and ought to pay it; and if the sureties were compelled to pay it in the first instance, the ultimate result would be the same; for they would be subrogated to the rights of the judgment creditor, and entitled to-enforce the judgment against the estate represented by the plaintiff here, for their indemnity.
The fact that the real estate of the plaintiff’s intestate has been-partitioned among his heirs, and by them conveyed, with or without notice, to third persons now claiming title in or through them, makes no difference. Under our laws, *the real estate of a deceased person,- subject to the widow’s right of dower, is, in the last resort, as much and as truly assets in the hands of his personal representatives for the payment of debts, as his personal property is. His debts are a lien on his real estate; his heirs to-whom it descends take it cum onere; and whoever buys it from them, does so subject to the application of the rule of caveat emptor. Stiver v. Stiver, 8 Ohio, 221. For their indemnity, if any, in ease their lands are sold out from under them, they must look to such guaranties or warranties as they may have had the precaution to insist on, or to such right as they may have to compensation or redistribution from their co-partitioners.

Decree for plaintiff.

Hat, C. J., and White, Welch, and Scott, JJ., concurred..